UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACQUELINE R. MARS,

       Plaintiff,

v.                          Case No: 2:14-cv-54-FtM-29CM

URBAN TRUST BANK, a Florida
corporation,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #15) filed on November 13, 2013. Plaintiff filed an Opposition to Defendant's Motion to Dismiss (Doc. #17) on November 20, 2013. For the reasons set forth below, the motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v.

Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

## II.

Plaintiff Jacqueline Mars, a 56 year old female, was employed by defendant Urban Trust Bank from September 2009 to April 20, 2010, the date of her constructive discharge.  While she was

employed by defendant, plaintiff alleges that she was subjected to age, racial, and gender discrimination.

Plaintiff filed a five-count Amended Complaint against Urban Trust Bank on September 5, 2013, alleging: (1) disparate treatment in violation of the Age Discrimination and Employment Act of 1967 (ADEA); (2) age discrimination in violation of the Florida Civil Rights Act (FCRA); (3) retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII); (4) unlawful gender discrimination in violation of Title VII; and (5) unlawful racial discrimination in violation of Title VII. Counts I, II, IV, and V also assert claims for hostile work environment. Defendant asserts that the Amended Complaint should be dismissed because plaintiff has failed to provide sufficient factual support to render any claim plausible.

### III.

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Likewise, Title VII makes it is unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42

3

U.S.C. § 2000e-2(a)(1).   In order state a plausible claim for discrimination under the ADEA, Title VII, and the FCRA,[1] plaintiff must allege that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job.   Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006).   The only element at issue here is whether plaintiff has sufficiently alleged that she was subjected to an adverse employment action.

In order to satisfy the adverse employment action element, the employee must show either an ultimate employment decision, such as termination, failure to hire, or demotion, or, for conduct that falls short of an ultimate employment decision, "*serious* and *material* changes in the terms, conditions, or privileges of employment."   Hall v. Dekalb Cnty. Gov't, 503 F. App'x 781, 787 (11th Cir. 2013) (quoting Crawford v. Carroll, 529 F.3d 961, 970-71 (11th Cir. 2008)).   Here, plaintiff alleges that the discriminatory conduct identified in the complaint adversely affected her status as an employee and culminated in her constructive termination.

---

[1]FCRA claims are subject to the same analysis as Title VII claims.   Valenzuela v. GlobeGround North Am., LLC, 18 So.3d 17, 21 (Fla. 3d DCA 2009).

The threshold for establishing a constructive discharge is quite high. "A constructive discharge occurs when a discriminatory employer imposes working conditions that are so intolerable that a reasonable person in the employee's position would have been compelled to resign." Fitz v. Pugmire Lincoln-Mercury, Inc., 348 F.3d 974, 977 (11th Cir. 2003) (citation and internal quotation marks omitted). The standard for proving constructive discharge is higher than the standard for proving a hostile work environment and the plaintiff must do more than merely show that she was subjected to actionable harassment. Hipp v. Liberty Nat. Life. Ins. Co., 252 F.3d 1208, 1231 (11th Cir. 2001).

To establish a hostile work environment, plaintiff must show harassing behavior "sufficiently severe or pervasive to alter the conditions of [her] employment." Pennsylvania State Police v. Suders, 542 U.S. 129, 133 (2004) (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)). All of the circumstances must be considered when determining whether the allegedly discriminatory conduct is sufficiently severe or pervasive, including the conduct's "frequency[;] . . . its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Jones v. UPS Ground Freight, 683 F.3d 1283, 1299 (11th Cir. 2012) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). To prove a constructive discharge,

a plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile work environment.   <u>Bryant v. Jones</u>, 575 F.3d 1281, 1298 (11th Cir. 2009).

**A.   Counts I and II - Age Discrimination**

In support of her claims for age discrimination, plaintiff alleges that management made comments regarding her age, such as "you take too long to open account[s];" that she was denied training; and that Supervisor Robert Caceres disciplined her more harshly than younger employees when she made an error.   Plaintiff complained of the discrimination to David Overstreet on December 8, 2009, the day after the discrimination took place.   Despite plaintiff's complaints of discrimination, defendant failed to take any curative action.   Plaintiff claims that the aforementioned conduct deprived her of equal employment opportunities and adversely affected her status as an employee, resulting in her constructive termination.

The allegations regarding the adverse effects the discrimination had on plaintiff's status as an employee and her constructive termination are merely conclusory.   Plaintiff has not identified serious and material changes in the terms, conditions, or privileges of her employment nor has she alleged that the discriminatory conduct was frequent, severe, physically threatening or humiliating, or interfering with her work

performance.  Because plaintiff has failed to plausibly allege that she was subjected to an adverse employment action, Counts I and II will be dismissed.

**B.    Count IV – Gender Discrimination**

In Count IV, plaintiff alleges that she was forced to use different office equipment, was sent home early on slow days while male employees were able to work out their shifts, was given shifts at the bottom of the shift pool, and was forced to sit in the back of the office while male employees sat in the front.  Plaintiff, however, has not alleged how the purported gender discrimination caused a serious and material change in the terms, conditions, or privileges of her employment.  Without more, the Court is unable to conclude that plaintiff has stated a plausible claim for gender discrimination.  The Court also finds that plaintiff has failed to allege that the gender discrimination made working conditions so intolerable that a reasonable person would be compelled to leave.  Accordingly, Count IV will be dismissed.

**C.    Count V – Race**

In support of her claim for racial discrimination, plaintiff alleges that she was reprimanded more harshly than non-white employees and that she was subjected to comments regarding her race, such as "you need to wait on . . . because she likes her own kind."  Noticeably absent from this count are allegations of adverse employment action; therefore, Count V will be dismissed.

**IV.**

In order to state a claim for retaliation plaintiff must allege that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity. <u>Webb-Edwards v. Orange Cnty. Sheriff's Office</u>, 525 F.3d 1013, 1028 (11th Cir. 2008) (citing <u>Wideman v. Wal-Mart Stores, Inc.</u>, 141 F.3d 1453, 1454 (11th Cir. 1998)). Plaintiff alleges that following her complaints of discrimination on December 8, 2009, and January 26, 2010, she was forced to work longer hours during holidays and was switched to shifts at the bottom of the shift pool. Plaintiff also alleges that she was given extra assignments because of her complaints of discrimination. As a result, plaintiff was constructively discharged.

As previously discussed, plaintiff has failed to plausibly allege that she was constructively discharged. The Court also finds that the remaining allegations are insufficient to plausibly allege adverse employment action because there was not a serious and material change in the terms, conditions, or privileges of plaintiff's employment. Therefore, Count III will be dismissed.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #15) is **GRANTED** and the Amended Complaint is **dismissed without prejudice** to filing a Second

Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

    **DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of May, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record