```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JACQUELINE R. MARS,

       Plaintiff,

v.                                  Case No: 2:14-cv-54-FtM-29CM

URBAN TRUST BANK, a Florida
corporation,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Second Amended Complaint (Doc. #24) filed on June 5, 2014. No response has been filed and the time for doing so has expired. For the reasons set forth below, the motion is granted.

### I.

On August 14, 2013, plaintiff Jacqueline Mars (plaintiff), a 56 year old female, filed a five-count Complaint against her former employer, Urban Trust Bank (defendant). (Doc. #1.) Defendant filed a motion to dismiss (Doc. #11), and in response, plaintiff filed an Amended Complaint asserting claims for: (1) disparate treatment in violation of the Age Discrimination and Employment Act of 1967 (ADEA); (2) age discrimination in violation of the Florida Civil Rights Act (FCRA); (3)

retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII); (4) unlawful gender discrimination in violation of Title VII; and (5) unlawful racial discrimination in violation of Title VII (Doc. #12).  Defendant subsequently filed a second motion to dismiss.  (Doc. #15.)  On May 22, 2014, the Court granted defendant's motion and dismissed the Amended Complaint without prejudice because plaintiff failed to plausibly allege that she was constructively discharged or subjected to any discriminatory action that caused a serious and material change in the terms, conditions, or privileges of her employment.  (Doc. #22.)

Plaintiff filed a Second Amended Complaint on May 26, 2014, asserting claims identical to those in the Amended Complaint. (Doc. #23.)  In addition to the factual allegations contained in the Amended Complaint, plaintiff alleges that she was unable to perform her job functions as required because she was denied training and access to newer equipment because of her gender. (Id. at ¶ 7(B)(1).)  Plaintiff also alleges, in a conclusory fashion, that defendant's discriminatory (and retaliatory) conduct was frequent and done to cause unreasonable interference with the performance of plaintiff's job duties.  Defendant's hostile comments adversely affected plaintiff's job performance and ultimately resulted in her constructive termination.  (Id.

2

at ¶ 7.)  No other factual allegations were added to the Second Amended Complaint.

**II.**

Defendant asserts that the Second Amended Complaint should be dismissed because plaintiff has failed to correct the deficiencies in the Amended Complaint. (Doc. #24.) The Court agrees. Because the Second Amended Complaint asserts the same claims as its predecessor, the applicable legal standards, as set forth in the Court's Opinion and Order dismissing plaintiff's Amended Complaint, are incorporated herein. (Doc. #22, pp. 3-6, 8.)

As a preliminary matter, the Court finds that dismissal of Counts I, II, III, and V of the Second Amended Complaint is warranted because plaintiff has failed to supplement the factual allegations pertaining to her claims for age discrimination, racial discrimination, and retaliation. Accordingly, Counts I, II, III, and V are dismissed for the reasons set forth in the Court's previous Opinion and Order. (See Doc. #22, pp. 6-8.)

Dismissal of plaintiff's claim of gender discrimination is also warranted. In support of her gender discrimination claim, plaintiff alleges that she was unable to use new equipment because defendant refused to train her on its use. Defendant did, however, offer the training to male employees. As a

3

result, plaintiff was unable to perform her job functions as efficiently as her male counterparts. Plaintiff also alleges that she was sent home early on slow days while male employees were able to work out their shifts, was given shifts at the bottom of the shift pool and assigned working hours on holidays, and was forced to sit in the back of the office while male employees sat in the front.

To satisfy the requirement of adverse employment action, plaintiff alleges that she was constructively terminated. "A constructive discharge occurs when a discriminatory employer imposes working conditions that are so intolerable that a reasonable person in the employee's position would have been compelled to resign." Fitz v. Pugmire Lincoln-Mercury, Inc., 348 F.3d 974, 977 (11th Cir. 2003) (citation and internal quotation marks omitted). In order to plausibly allege a constructive discharge, the harassing behavior alleged must be of such severity or pervasiveness as to alter the conditions of plaintiff's employment. Pennsylvania State Police v. Suders, 542 U.S. 129, 133 (2004) (citing Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)).

The harassment alleged in the Second Amended Complaint lacks the severity or pervasiveness necessary to show that "the terms and conditions of [plaintiff's] employment were so onerous

4

that a reasonable person would feel compelled to resign." Stamey v. S. Bell Tel. & Tel. Co., 859 F.2d 855, 860 n.12 (11th Cir. 1988). See Nettles v. LSG Sky Chefs, 211 F. App'x 837, 839 (11th Cir. 2006) (no constructive discharge when employer undermined employee's authority in front of customers, peers, and subordinates; excluded employee from business meeting with chairman and denied employee the opportunity to present at a meeting; denied administrative support to employee for staff trip; evaluated the employee as meeting rather than exceeding expectations; and offering a position on terms and conditions less favorable than those offered to others for the same position). See also Hill v. Winn Dixie Stores, Inc., 934 F.2d 1518, 1527 (11th Cir. 1991) (finding that a written reprimand, coupled with criticism by supervisors and the withdrawal of customary support, were insufficient to establish constructive discharge).  Because plaintiff has failed to plausibly allege an adverse employment action, Count IV is dismissed.  The Second Amended Complaint is therefore dismissed.  The Court will allow one more amendment to the pleadings.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Second Amended Complaint (Doc. #24) is **GRANTED** and the Second Amended Complaint is

5

**dismissed without prejudice** to filing a Third Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

    **DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of September, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record

6